IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES PAYAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, and CHARLES MARTINEZ,<br><br>　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00400-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(A).  (Dkt. 13.) Plaintiff Charles Payan seeks to recover from Defendants United Parcel Service and Charles Martinez for alleged misconduct that occurred while Plaintiff was employed by UPS, under Martinez's supervision.  (Dkt. No. 2.)  Defendants bring the present motion to increase the allowable time for deposing Plaintiff from seven hours over one day to fourteen hours over two consecutive days (seven hours each day). (Dkt. 16.)

## ANALYSIS

Defendants argue that they are entitled to additional time to depose Plaintiff because the examination will cover events spanning four years and the case includes multiple defendants. Defendants also argue that Plaintiff has produced over 800 documents, mostly consisting of his personal notes. Plaintiffs conclude that the proportionality requirements of Rule 26 are met because Plaintiff is the only source from which Defendants can obtain the information they seek,

and that any burden to Plaintiff is commensurate with the burden he voluntarily undertook when he decided to prosecute this case.

Plaintiff argues that no case law supports Defendants' request to depart from the deposition limit set forth in the scheduling order. Plaintiff also suggests that Defendants can obtain information from his employment records. Finally, Plaintiff suggests that Defendants should be required to exhaust their allotted seven hours before seeking additional deposition time.

As Defendants correctly note, the Federal Rules of Civil Procedure provide support for their request for additional time. A court must allow additional time for a deposition so long as the additional time is consistent with the considerations in Rule 26(b)(2) and the time is necessary for the fair examination of the deponent. Fed. R. Civ. P. 30(d)(1). The Advisory Committee Notes to Rule 30 suggest that courts hearing motions to extend deposition time "might consider a wide variety of factors," including but not limited to whether "the examination will cover events occurring over a long period of time . . . ." Fed. R. Civ. P. 30, Advisory Committee Notes.

Here, the Court concludes that there is good cause to allow Defendants additional time to depose Plaintiff. The Court rests its conclusion on the four-year period covered by Plaintiff's allegations, and the large quantity of documents produced by Plaintiff, including his notes. It is understandable that Defendants want clarification of Plaintiff's notes. The allotted seven hours appears insufficient to allow for fair examination of Plaintiff given both the four-year span of events at issue and the quantity of documents Plaintiff produced.

The Court does not agree; however, with Defendants' suggestion that this deposition extension is merited because this is a multi-party case. The Advisory Committee Notes state that the multi-party problem can be ameliorated by designating one attorney to ask questions for all parties with common interests. Defendants appear to share such an attorney here.

Next, the Court finds that the extension is consistent with the considerations in Rule 26(b)(2). As Defendants correctly point out, Plaintiff himself is the best, if not only, source of information regarding his notes. Additionally, Plaintiff himself brought this lawsuit. The Court does not find he will be overly burdened by attending a two-day deposition.

Further, the distinctions Plaintiff makes between this case and Defendants' persuasive authority do not require a different outcome here. The inquiry facing the Court is fact-dependent. Though the circumstances that justified an extension in those cases do not exactly match this case, extension here is nonetheless justified by the facts presented in Defendants' motion.

Finally, the Court rejects Plaintiff's suggestion that Defendants must exhaust their allotted seven hours before seeking additional time. Plaintiff offers no support for this claim. Likewise, Defendants indicate that they must coordinate travel for the deposition and can more easily do so if the deposition is set for consecutive days.

## ORDER

For the reasons set forth above, the Court:

**GRANTS** Defendants' Motion to Extend Time for Taking the Deposition of Charles Payan. (Dkt. 16.)

Defendants may take Plaintiff's deposition over two consecutive days for seven hours each day (fourteen hours total deposition time).

Dated this 26th day of May, 2015.

By the Court:

Dustin B. Pead
United States Magistrate Judge